UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEAD HUSKIC,<br><br>  Plaintiff,<br><br>  v.<br><br>BOISE POLICE DEPARTMENT, ADA COUNTY PROSECUTOR, and ADA COUNTY PUBLIC DEFENDER,<br><br>  Defendants. | Case No. 1:22-cv-00308-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Ada County Public Defender's Motion to Dismiss. Dkt. 7. Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented and that the decisional process would not be significantly aided by oral argument. Accordingly, the Court will decide the Motion on the record before it. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court GRANTS the Motion and DISMISSES WITH PREJUDICE all of Plaintiff's claims against the Ada County Public Defender.

## II. BACKGROUND

In ruling on this Motion to Dismiss, the Court assumes the facts presented in Plaintiff Sead Huskic's Complaint to be true. For purposes of this analysis, the Court will

also consider two letters Huskic subsequently filed (Dkts. 5, 10) that are best described as amendments to the Complaint, and another letter (Dkt. 10) that appears to be a response to the Ada County Public Defender's Motion to Dismiss.

As best as the Court can determine from the Complaint and subsequent letters, Huskic had a long-running dispute with various neighbors, which lead to increasingly violent confrontations. These neighbors purportedly stole his mail, let dogs roam free on the street, emptied waste from an RV near his driveway, and vandalized his garage doors. When Huskic reported these events to the Boise Police Department—and the Ada County Prosecutor, the Postal Inspector, and even the FBI—no law enforcement response was forthcoming. Huskic came to feel that he was the victim of a sweeping conspiracy between law enforcement and his neighbors, particularly those who were "Muslims of Bosnian origin." Dkt. 5, at 1. He felt that his neighbors were "illegal drug users and addicts," that the women performed "all kinds of sexual favors" for the Boise Police Department, and that this bad behavior was hereditary: "It runs in their family." Dkt. 5 at 1; *see also id*., at 2 (I AM NOT GOING TO ALLOW A FEW CRIMINALS FROM THE BALKANS AND THEIR ASSOCIATES TO RUIN MY FAMILY AND MY LIFE JUST BECAUSE THEY ARE CRIMINALS THAT ENDED UP WORKING FOR THE GOVERNMENT HERE IN IDAHO SO THAT THEY COULD BETTER CONCEAL THEIR CRIMINAL ACTIVITIES. NO, AND NO AGAIN.") (emphasis in original).

After one confrontation in which a neighbor, Husein Kurkic, swore at him and called him out, Huskic hinted how dangerous the situation was becoming. "I HAD TO VENT AND BLOW OFF THE STEAM IN SOME WAY," he said. *Id*., at 5 (emphasis in

MEMORANDUM DECISION AND ORDER - 2

original). "Most people would react to an insult like this by doing something you see in the news almost every night in America and after 'thoughts and prayers' the next day you see the same in the news again. But if you're like me, someone who loves his family more than anything else in the world—then you simply don't think about it." *Id.*, at 6. Tragically, the next confrontation did become violent.

On November 26, 2021, Huskic was involved in a vehicle collision with Husein Kurkic, the neighbor who had insulted him. Huskic says that Kurcik was attempting to "assassinate" him at the time, but, because of the police department's pro-Muslim bias, it portrayed the incident "like I was trying to run [Kurcik] over with my Dodge Journey." Dkt. 1, at 8. In the collision, Huskic broke his kneecap. Officers arrested him the next day, taking him from the hospital to the Ada County Jail. There, they "dumped" him from a wheelchair onto the floor of a cell, injuring his spine and hip. In jail he could not access his prescription medications.

A state court set Huskic's bail at $100,000. When an Ada County public defender arrived, Huskic told him that he would be suing Ada County. Because the county paid both his prosecutors and his public defender, and because he had threatened the county, Huskic believed that his defense attorney had a conflict of interest and was not motivated to help him. At trial, the defense attorney did not make all the statements and arguments Huskic wanted him to make. Particularly, Huskic wanted his attorney to point out that Kurcik had installed the surveillance system that captured the collision, and so conceivably could have tampered with the video evidence. Instead, the attorney "pretended he didn't hear any of

MEMORANDUM DECISION AND ORDER - 3

it." Dkt. 5, at 3. At the end of the trial, the jury convicted Huskic of Assault-Aggravated (With a Deadly Weapon or Instrument).

After his conviction, Huskic sued the Boise Police Department, the Ada County Prosecutor, and the Ada County Public Defender[1] for violating his rights under the Fifth, Sixth, and Eighth Amendments. The Public Defender responded with the instant Motion to Dismiss, but the other Defendants are not yet in this case.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. Accordingly, to avoid dismissal for failure to state a claim, a complaint must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."

---

[1] The pleadings do not specify whether Huskic intended to sue the Public Defender's office, his court appointed defense attorney, or both. Considering that the other Defendants are county and municipal authorities, the Court concludes that by "Ada County Public Defender," Huskic meant the county office, not the individual attorney. The Court's analysis remains the same either way.

*Iqbal,* 556 U.S. at 678. If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (cleaned up); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

## IV. ANALYSIS

With respect to the Ada County Public Defender, Huskic's Complaint fails to state a claim upon which relief can be granted. Huskic alleges that county and municipal agencies violated his rights under the Fifth, Sixth, and Eighth Amendments to the U.S. Constitution. As a remedy, he seeks the nullification of his conviction, an injunction against future court-ordered mental evaluations, the nullification of his bail bond conditions, the purgation of his court records, and $4 million in damages.

The defendants Huskic joins and the injuries he pleads suggest he is seeking relief under 42 U.S.C. § 1983, which allows plaintiffs to sue government officials for the violation of constitutional rights. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person "acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). When performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, a public defender does not act under color of law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981).

Here, Huskic pleads three injuries attributable to the Public Defender. First, Huskic argues that the Public Defender denied him his Sixth Amendment right to confront his accuser. "I insisted on asking the 'victim' directly, and in person, why he wanted to assassinate me," he writes, "but was denied that request by the public defender." Dkt. 1, at 7. Second, he claims the Public Defender violated his constitutional right to counsel, "grossly misrepresenting me by making sure that I [got] less than mediocre legal representation." *Id*. Finally, he complains that the Defendants, including the Public Defender, "obscured the facts, perverted the justice, [and] withheld and/or hid the facts and the evidence while expressing extreme bias and hate towards me," thereby denying him due process under the Fifth Amendment. *Id*.

The Sixth Amendment gives criminal defendants the right to be confronted with the witnesses against them at trial. *See Pointer v. Texas*, 380 U.S. 400, 403 (1965). Even if this right extended to affirmatively confronting prosecution witnesses before trial, the analysis here would be moot because § 1983 does not apply to the Public Defender under these circumstances. Huskic's court-appointed defense counsel was not acting under the color of state law at the time the alleged violation occurred, and so § 1983 does not provide Huskic a cause of action against him or the Public Defender's office for constitutional violations.

Likewise, though ineffective assistance of counsel is a violation of the Sixth Amendment, the Court need not consider whether Huskic's counsel was effective here because Huskic has not joined any party against which such a claim could be brought. The Public Defender cannot be sued under § 1983 in these circumstances and Huskic's complaint does not raise any other potential theories of recovery against it.

Finally, Huskic's conclusory Fifth Amendment allegations do not in themselves raise a due process violation. Without more supporting facts, they embody *Iqbal's* "unadorned, the defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. Regardless, as long as they are framed as constitutional violations, they run up against the same problem as the other claims—§ 1983 does not apply to public defenders under these circumstances.

For the above reasons, Huskic's Complaint fails to state a claim upon which relief can be granted. Because § 1983 does not apply to the Public Defender, there are no additional facts that, once pleaded, could raise Huskic's claims to the required level of plausibility. Because granting leave to amend would be futile,[2] his claims against the Public Defender are DISMISSED WITH PREJUDICE.

At this time, the Court does not consider Huskic's claims against the Boise Police Department or Ada County Prosecutor. Those claims are not before the Court on this motion to dismiss. Local Rule 4.1 requires that, within thirty days of filing the complaint, plaintiffs must file with the Court a status report "regarding whether service of the summons and complaint has been effectuated or waived by each defendant and, if so, the dates(s) on which each such service or waiver of service occurred." Dist. Idaho Loc. Civ. R. 4.1.

---

[2] "Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (cleaned up). Nevertheless, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez*, 203 F.3d at 1129.

MEMORANDUM DECISION AND ORDER - 7

Rule 4(m) of the Federal Rules of Civil Procedure requires that proper service be made on all defendants within 90 days after the complaint is filed. Fed R. Civ. P. 4(m). If the Plaintiff shows good cause for failing to do so, the court must extend the time for service, but if not, the court must dismiss the complaint against any unserved defendants or order that service be made within a specified time. *Id.*

Here, more than 90 days have passed since the Complaint was filed, and Huskic has failed to serve two of the defendants. Nor has he filed a status report. In a document filed with the Court (Dkt. 3), Huskic says that he attempted to serve the Ada County Prosecutor but the staff at the prosecutor's office refused to accept the summons. In a second filing (Dkt. 6) he shows certified mail receipts for the Boise Police Department and Ada County Prosecutor. Though neither of these acts constitute proper service as set out in Fed. R. Civ P. 4 and Idaho R. Civ. P. 4, the Court is satisfied that Huskic has shown good cause for his failure to serve the other defendants thus far. The Court will extend the deadline for service.

Within fourteen days of this order, Huskic must file with the Court a report stating his efforts to serve the Ada County Prosecutor and Boise Police Department in a manner consistent with state and federal rules of procedure. If those parties accepted or waived service, the report should state when they did so. Once the other Defendants have been properly served and the remaining claims are briefed, the Court will consider the rest of Huskic's Complaint. If the other defendants have not been served within thirty days of this order, the Court will dismiss the Complaint in its entirety without prejudice.

## V. CONCLUSION

Huskic's Complaint alleges constitutional violations by the Ada County Public

Defender, a claim that requires the application of 42 U.S.C. § 1983. That statute, however, is only applicable against agents acting under color of state law, and public defenders do not act under color of law when representing defendants in criminal cases. Because, as pleaded, Huskic's injuries are outside the power of this Court to remedy, his Complaint fails to state a claim upon which relief can be granted. Accordingly, the Ada County Public Defender's Motion to Dismiss is GRANTED and Huskic's claims against it are DISMISSED WITH PREJUDICE.

## VI. ORDER

The Court HEREBY ORDERS:

1. Defendant Ada County Public Defender's Motion to Dismiss (Dkt. 7) is GRANTED with respect to that Defendant only.

2. All of Plaintiff's claims against the Ada County Public Defender are DISMISSED WITH PREJUDICE. The Ada County Public Defender is DISMISSED as a Defendant in this case.

3. Huskic's claims against the Ada County Prosecutor and Boise Police Department remain active pending proper service on those parties.

4. Pursuant to Local Rule 4.1, within fourteen (14) days of the release of this Order, Huskic must file a status report informing the Court whether service of the summons and complaint has been properly made on the remaining Defendants or waived by them and if so, the dates on which each service or waiver occurred. If Huskic fails to file the status report within the allotted time, the Court will dismiss the Complaint without prejudice.

5. If service has not been properly made on or waived by the remaining parties within thirty (30) days of the release of this order, the Court will dismiss the Complaint without prejudice.

DATED: October 24, 2022

David C. Nye
Chief U.S. District Court Judge